```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
KEVON BELFON,                                              :
                                                           :
                              Petitioner,                  :
                                                           :                **MEMORANDUM & ORDER**
                   -against-                               :                   10-cr-763 (DLI)
                                                           :                  17-cv-5572 (DLI)
UNITED STATES OF AMERICA,                                  :
                                                           :
                              Respondent.                  :
----------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

Before the Court are Kevon Randell Belfon's ("Petitioner") *pro se* motions for a sentence reduction and modification of the conditions of supervised release imposed following a revocation of his supervised release. On April 11, 2011, Petitioner pled guilty to importing cocaine into the United States in violation of 21 U.S.C. § 952(a). *See*, Dkt. Entry No. 30.[1] On July 17, 2012, Petitioner was sentenced to a non-guidelines sentence of five years of probation when the applicable Sentencing Guideline Range ("SGR") was forty-one to fifty-one months of imprisonment. *See*, Minute Entry, Dkt. Entry No. 51; Judgment, Dkt. Entry No. 52.

On January 23, 2014, a Violation of Supervised Release Report ("VOSR") was filed by the U.S. Probation Department charging Petitioner with having committed new crimes under New York law. *See*, Dkt. Entry No. 60. On August 9, 2016, Petitioner pled guilty to charge one of the VOSR relating to his discharge of a firearm in violation of New York law. *See*, Minute Entry dated August 9, 2016. On September 26, 2016, the Court sentenced Petitioner to forty-one months

---

[1] All docket entry citations refer to the criminal matter underlying Petitioner's motions, 10-cr-763 (DLI). Petitioner's case originally was assigned to the late Hon. Sandra L. Townes, U.S. District Judge of this Court, who accepted Petitioner's guilty plea and imposed sentence. On August 1, 2012, Petitioner's case was transferred to the undersigned district judge for inclusion in the Court's STAR drug court. *See*, Dkt. Entry No. 54. Formal reassignment was ordered on April 11, 2013.

of imprisonment followed by five years of supervised release with conditions. *See*, Minute Entry dated September 26, 2016; Judgment, Dkt. Entry No. 73.

Petitioner did not file any direct appeals and does not assert actual innocence. Instead, Petitioner filed two motions to reduce his VOSR sentence: (1) pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel, Pet.'s 2255 Mot., Dkt. Entry No. 75; and (2) pursuant to 18 U.S.C. § 3582(c)(2) requesting an offense level reduction in the Guideline calculation and for his term of imprisonment to run concurrently with a previously served state court sentence, Pet.'s 3582 Mot., Dkt. Entry No. 83. Petitioner also filed two related motions to compel a decision on the § 2255 motion and to amend his § 2255 motion, respectively. *See*, Dkt. Entry Nos. 81, 82. The Government opposed all of Petitioner's motions. *See*, Gov't 2255 Opp'n, Dkt. No. 78; Gov't 3582 Opp'n, Dkt. No. 86. Petitioner only filed a reply as to his § 2255 motion. *See*, Pet.'s Rep., Dkt. No. 79. For the reasons set forth below, Petitioner's motion to amend is granted and all other motions are denied.[2]

## BACKGROUND

On August 9, 2016, Petitioner pled guilty before this Court to violating the conditions of his probation by possessing and discharging a firearm in violation of New York State Penal Law. *See*, Aug. 9, 2016 VOSR Plea Tr. ("Plea Tr."), Dkt. Entry No. 78-1 at 9-10, 20-21. Specifically, on November 26, 2013, at approximately 10:05 P.M., Petitioner was walking near Avenue J and Flatbush Avenue in Brooklyn, New York. *See*, Violation of Probation Report, Dkt. Entry No. 60

---

[2] On March 31, 2021, jurisdiction over Petitioner's supervised release was transferred to the District of New Jersey pursuant to 18 U.S.C. § 3605. Dkt. No. 122. The petitions at hand challenge the sentence that forms the basis of that supervised release. Given the procedural history of this case, it is unclear whether the Court has jurisdiction to decide the instant petitions. In similar contexts, the Second Circuit has held that, even if a court lacks jurisdiction, if the matter will clearly fail on the merits, as is the case here, then it may be more efficient for the court to decide the matter instead of transferring it to the appropriate jurisdiction. *See*, *Moreno-Bravo v. Gonzales*, 463 F.3d 253, 263 (2d Cir. 2006); *See*, *also*, *Boone v. Menifee*, 387 F. Supp.2d 338, 344 (S.D.N.Y. 2005) ("There is no need to resolve this issue [of jurisdiction], however, because Boone's [habeas] petition would fail on the merits even if jurisdiction were shown to exist."). Accordingly, the Court declines to transfer Petitioner's motions to the District of New Jersey.

at 3. Petitioner began arguing with a driver of a vehicle. *Id.* During the dispute, Petitioner drew and pointed a firearm at the driver at close range and discharged it. *Id.* The round struck and shattered the window behind the driver and Petitioner fled on foot. *Id.* On December 16, 2013, the driver saw the Petitioner in the same vicinity and notified the New York City Police Department. *Id.* Petitioner was arrested and charged in Kings County Criminal Court, New York with attempted murder in the second degree and several lesser charges. *Id.* at 3-4. These charges formed the basis for the initiation of a VOSR proceeding. *Id.* at 3.

During Petitioner's VOSR guilty plea hearing, the Court explained to Petitioner that his conduct constituted a Grade A violation under the Guidelines and the applicable SGR was fifteen to twenty-one months of imprisonment based on his criminal history category of II. *See*, Plea Tr. at 17. The Court added that the SGR applicable to Petitioner's initial drug offense also was available to the Court because Petitioner had received a probationary sentence on that charge. *Id.* Petitioner confirmed that he understood. *Id.* At sentencing, the Court repeated to Petitioner that his offense was a Grade A violation, for which the applicable SGR was fifteen to twenty-one months of imprisonment. *See*, Sept. 26, 2016 VOSR Sentencing Tr. ("Sentencing Tr."), Dkt. Entry No. 78-2 at 15. The Court sentenced Petitioner to forty-one months of imprisonment, the low end of the SGR applicable at the time of Petitioner's original drug offense conviction in 2012, followed by five years of supervised release with conditions. Dkt. Entry No. 73.

On September 22, 2017, Petitioner timely filed a motion to "vacate, set aside, or correct sentence" pursuant to 28 U.S.C. § 2255, alleging that he had received ineffective assistance of counsel at his VOSR sentencing. *See*, Pet.'s 2255 Mot. Petitioner argues that his counsel, Amanda David, Esq. ("David"), failed to challenge the Grade A classification of his probation violation, which resulted in a higher applicable SGR and a heightened sentence. *Id.* at 4. Petitioner

3

additionally claims that the Court applied the incorrect SGR to his probation violation due to David's alleged error. *Id.* at 4, 10, 13. Petitioner requests an evidentiary hearing or Court appointed counsel and seeks immediate release or a reduced sentence. *Id.* at 13. The Court appointed counsel for Petitioner on March 12, 2020. *See*, Dkt. Entry No. 97. Thus, Petitioner's request for counsel is moot.

On June 8, 2018, Petitioner moved to compel a decision on his pending § 2255 motion. *See*, Dkt. Entry No. 81. On August 27, 2018, Petitioner moved to amend his § 2255 motion, claiming that terms 4, 5, and 13 of the Standard Conditions of Supervision relating to his VOSR are vague. *See*, Dkt. Entry No. 82. That same day, Petitioner also moved to reduce his VOSR imprisonment term under 18 U.S.C. § 3582(c)(2) for two reasons: (1) pursuant to Guideline Amendment 782, Petitioner is entitled to a reduction in offense level from 21 to 19 on his original sentence (for which he ultimately received a term of probation), which should result in a lower applicable Guideline range for his VOSR sentence; and (2) pursuant to Guideline § 5G1.3(c), Petitioner's sentence should run concurrently with his already served state sentence related to the discharge of a firearm. *See*, Pet.'s 3582 Mot. at 1-2. The Government contends that Petitioner is not entitled to a sentence reduction because courts "may not reduce the [criminal] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range produced by the substitution." Gov't 3582 Opp'n at 2 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

## **DISCUSSION**

I.  **The 28 U.S.C. § 2255 Motion**

   **A. Legal Standard**

Under § 2255, a sentencing court may "vacate, set aside or correct [a] sentence" that was

imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Relief generally is "available only for a constitutional error, defect of jurisdiction, or an error of law constituting a fundamental defect which inherently results in a complete miscarriage of justice." *Scala v. United States*, 2010 WL 3780320, at *1 (E.D.N.Y. Sept. 21, 2010) (internal quotation marks and citations omitted). Where a criminal defendant "did not raise an argument on direct appeal, he is procedurally barred from doing so on a collateral challenge under § 2255." *Rajaratnam v. United States*, 736 Fed. App'x 279, 281 (2d Cir. 2018) (citing *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir. 2007). "An exception applies . . . if the [criminal] defendant demonstrates either (1) cause for the procedural default and ensuing prejudice, or (2) actual innocence." *Id.* (citing *Cox v. United States*, 783 F.3d 145, 150 (2d Cir. 2015)). However, "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). Such claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Id.* at 504.

To succeed on a claim of ineffective assistance of counsel, a petitioner must: (1) show that "his attorney's performance 'fell below an objective standard of reasonableness,' in light of 'prevailing professional norms,'" and (2) "'affirmatively prove prejudice' arising from counsel's allegedly deficient representation." *United States v. Caracappa*, 614 F.3d 30, 46 (2d Cir. 2010) (citations omitted). Although a petitioner must satisfy both prongs to obtain relief, "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Courts reviewing an ineffective assistance of counsel claim "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

5

professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound [legal] strategy." *Id.* at 689 (internal quotation marks and citation omitted). Courts must be watchful "to eliminate the distorting effects of hindsight." *Id.*

Petitioner seeks an evidentiary hearing. The decision to hold an evidentiary hearing is left generally to the Court's discretion. *See*, *Swerbilov v. United States*, 2005 WL 1177938, at *2 (E.D.N.Y. May 18, 2005) (citing *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977)). "A petition for habeas corpus relief requires an evidentiary hearing to resolve disputed issues of fact unless the record shows that the petitioner is not entitled to relief." *Ortega v. United States*, 897 F. Supp. 771, 781 (S.D.N.Y. 1995). The court may deny a § 2255 motion without holding a hearing where: "(1) the petition lacks meritorious allegations that can be established by competent evidence; (2) if the case files and records conclusively demonstrate that the petitioner is not entitled to relief; or (3) if the allegations of the petition, even if accepted as true, would not entitle the petitioner to relief." *Bishop v. United States*, 2015 WL 893560, at *8 (E.D.N.Y. Mar. 2, 2015) (internal quotation marks and citations omitted).

In reviewing Petitioner's motions, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Accordingly, the Court interprets the motions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks, emphasis, and citation omitted).

**B. Analysis**

1. <u>Ineffective Assistance of Counsel</u>

Counsel's alleged failure to challenge the Grade A classification of Petitioner's probation violation did not fall below an objective standard of reasonableness in light of prevailing professional norms. Under the Guidelines, a Grade A violation is conduct constituting "a federal, state, or local offense punishable by a term of imprisonment exceeding one year" that is a "crime of violence." Guideline § 7B1.1(a)(1). A "'crime of violence' [i]s an offense punishable by imprisonment exceeding one year that 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" *United States v. Reyes*, 691 F.3d 453, 457 (2d Cir. 2012) (quoting Guideline § 4B1.2(a)(1)). The grade of the violation is "based on the [petitioner]'s actual conduct" and "does not depend upon the conduct that is the subject of criminal charges or of which the [petitioner] is convicted in a criminal proceeding." Guideline § 7B1.1, Application Note 1.

"A person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person, he causes the death of such person[.]" N.Y. Penal Law § 125.25(1). Under New York law, attempted murder is a class B violent felony offense punishable by a term of imprisonment exceeding one year. *See*, *Id.* at §§ 70.02, 125.25. It is "self-evident that under New York law, 'attempted murder is a crime unmistakably involving an attempted use of physical force.'" *United States v. Sierra*, 782 F. App'x 16, 20 (2d Cir. 2019) (quoting *United States v. Praddy*, 729 F. App'x 21, 24 (2d Cir. 2018) (internal quotation marks omitted)). Attempted murder is unquestionably a "crime of violence" under the Guidelines.

Here, the underlying offense that formed the basis for the VOSR was classified properly as a Grade A violation. Petitioner possessed and discharged a firearm at an individual at close

7

range, conduct for which he was charged with attempted murder in the second degree. Thus, his attorney's alleged failure to challenge the Grade A violation classification, a meritless challenge, did not amount to ineffective assistance of counsel. *See, United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").

Petitioner further claims that his attorney was ineffective for failing to raise *Johnson v. United States*, 576 U.S. 591 (2015) and *Mathis v. United States*, 136 S. Ct. 2243 (2016) at his sentencing. *See*, Pet.'s 2255 Mot. at 4, 12; Pet.'s Rep. at 1. However, those cases concerned the Armed Career Criminal Act, a federal statute not at issue in Petitioner's sentencing. Accordingly, Petitioner's ineffective assistance of counsel claim is denied.

### 2. Misapplication of Sentencing Guidelines

Petitioner cites to *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) for the proposition that the Court committed "clear error" by applying the incorrect SGR to his probation violation. *See*, Pet.'s 2255 Mot. at 4. However, Petitioner has not raised this on direct appeal, established cause for the procedural default, or actual prejudice therefrom. Thus, this aspect of his claim is denied as procedurally barred.

### 3. Evidentiary Hearing

Petitioner has not raised any disputed issues of fact, and the record conclusively demonstrates that Petitioner is not entitled to relief. An evidentiary hearing would "add little or nothing to the written submissions" and, therefore, is not required. *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). Accordingly, Petitioner's request for an evidentiary hearing is denied.

       4. <u>Motion for Resentencing</u>

  Petitioner styles his motion for resentencing as a motion to amend his § 2255 petition to include a challenge to terms 4, 5, and 13 of the Standard Conditions of Supervision relating to his VOSR as vague under *United States v. Evans*, 883 F.3d 1154 (9th Cir. 2018). *See*, Dkt. Entry No. 82. In response, the Government summarily argues that this motion was fully briefed previously. *See*, Gov't 3582 Opp'n at 2. However, the Government's previous motion papers do not and, indeed, could not, address this point since the motion for resentencing was filed after briefing was completed on the § 2255 motion. *See*, Gov't 2255 Opp'n. The Government does not oppose amendment of the § 2255 petition. Accordingly, the motion to amend is granted and the Court now turns to the substance of Petitioner's motion.

  As a preliminary matter, Petitioner has not raised this issue on direct appeal and has not addressed the "cause and prejudice" exceptions to this procedural bar. Petitioner does not explain the basis for his vagueness challenge and does not identify what specific language he claims is vague. Petitioner also relies on caselaw from outside this circuit that is not binding on the Court. Thus, Petitioner's motion is procedurally barred under § 2255. Moreover, the Court is not aware of any binding precedent striking the challenged conditions as vague. Therefore, Petitioner's motion for resentencing is denied.

**II.** **The 18 U.S.C. § 3582 Motion**

  In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, an imposed term of imprisonment may be modified under certain conditions pursuant to 18 U.S.C. § 3582(c)(2). In order to be eligible for a sentence reduction under § 3582(c)(2), the petitioner must have "been sentenced to a term of imprisonment based on a sentencing range that has been lowered by the Sentencing Commission . . . ." *Id.* In such

9

circumstances, "the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In 1997, the United States Sentencing Commission amended its commentary regarding a policy statement applicable to motions brought under 18 U.S.C. § 3582(c)(2). The amendment states that "only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section." *United States v. Morales*, 590 F.3d 1049, 1051 (9th Cir. 2010), *cert. denied*, 562 U.S. 883 (2010) (quoting Guideline § 1B1.10, Application Note 7). "This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." *Id.*

As a threshold matter, Petitioner is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) as he is challenging a sentence imposed upon the revocation of his supervised release. *See*, *United States v. Rosa*, 2020 WL 5774909, at *3 (S.D.N.Y. Sept. 28, 2020); *United States v. Logan*, 845 F. Supp.2d 499, 522 (E.D.N.Y. 2012); *United States v. Lawrence*, 2009 WL 1158689, at *2 (N.D.N.Y. Apr. 28, 2009) (denying motion to reduce sentence under Section 3582(c)(2) and Guideline § 1B1.10 because, *inter alia*, defendant challenged a term of imprisonment imposed upon violation of the terms of supervised release). Accordingly, the Court need not reach Petitioner's remaining contentions regarding § 3582 as he is not entitled to a sentence reduction related to the revocation of his supervised release under that section.

## **CONCLUSION**

For the reasons set forth above, Petitioner's motion to compel a decision on his § 2255 application is denied as moot, his motion to amend his § 2255 motion is granted, and his motions pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582 are denied. Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); *See*, *also*, Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      July 20, 2021

/s/
DORA L. IRIZARRY
United States District Judge